■ GREAT LAKES CARBON CORPORATION, Appellant, v VIRGINIA FONTANA, Respondent, et al., Defendants.—Order, Supreme Court, New York County, entered May 17, 1976, unanimously reversed, on the law and the facts, the attachment thereby vacated reinstated, the protective order thereby granted vacated, and defendant-respondent directed to appear for examination in aid of the attachment within 20 days after service of a copy of the order entered hereon, with $40 costs and disbursements to appellant. The basis for vacatur of the attachment was lack of an outstanding complaint against defendant-respondent. The complaint against her has been dismissed by reason of insufficiency of allegation to connect her with the scheme whereby, as is charged, her husband was engaged in a pattern of double dealing with customers of his former employer, plaintiff-appellant. It is alleged that he lured away those customers and made them his own. The complaint stating these accusations against both respondent's husband and the company with which both are associated—neither of these defendants is a party to this appeal—survives the dismissal of the insufficient complaint leveled at the wife. A prior action by appellant was settled by stipulation, which, it is said, respondent and her husband induced by misrepresentations, on the basis of which it is now sought to set aside that stipulation. The Justice whose order is here reviewed has before him the question of whether the stipulation should be set aside to the extent of permitting this action to proceed; he has under consideration as well the motion to permit amendment of the dismissed complaint, application for which was permitted in the decision dismissing its predecessor. The proposed amended complaint and its supporting papers, all before the court on this motion as incorporated by reference, recite the grounds on which appellant has sought to reinstate the attachment which we hereby revive. It is alleged that respondent wife participated in her husband's fraudulent scheme as follows: her signature is authorized on checks drawn on the account of defendant company, controlled by defendant husband; checks drawn by customers of that company, i.e., customers of plaintiff-appellant lured away by defendant husband, given in payment for merchandise sold to them by the husband, were therein deposited; checks against these deposits were used by her to buy cashier's checks; these cashier's checks were used to pay suppliers of the merchandise—in short, a process of concealment of the double dealing. Explanation is made by respondent that she did all this at her husband's behest, without either inquiry by or knowledge possessed by her. We interpret this, at best, to mean that both the wife and the bank account were used as tools of the husband and that the account, subject of the attachment and, we are told, being steadily depleted, is actually his and

should be held in attachment, and we agree. This result is reached despite the present absence of a pleading against respondent wife, which we deem not essential at this juncture. (See CPLR 6211, 6223; *Raimondi v Fedeli,* 30 AD2d 802; *McDonnell & Co. v Sarlie,* 21 AD2d 767.) Further, the examination of respondent wife should be permitted to proceed in aid of the attachment (CPLR 6220). Concur—Markewich, J. P., Kupferman, Lupiano, Capozzoli and Lane, JJ.